UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL P. HARGROVE, | ) | CASE NO. 5:16 CV 1238 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

Seeking to proceed *in forma pauperis*, *pro se* plaintiff Daniel P. Hargrove, a state prisoner, has filed this civil action for damages against the State of Ohio and Summit County. The plaintiff appears to complain about his treatment during state criminal proceedings; however, his complaint and other subsequent filings (docket nos. 6, 8) are convoluted and unclear and do not set forth substantive allegations or legal theories that are reasonably intelligible to the Court.

Although the standard of review for *pro se* pleadings is liberal, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). *Pro se* plaintiffs are required to meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To state a claim on which relief may be granted, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard

articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915A).  Fed. R. Civ. P. 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Federal district courts are required, under 28 U.S.C. §1915A, to dismiss before service any action in which a prisoner seeks redress from a governmental entity that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Even liberally construed, the plaintiff's complaint does not set forth allegations reasonably suggesting he might have a plausible federal claim against the defendants.  *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Further, the State of Ohio is immune from suit in federal court by virtue of the Eleventh Amendment. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

## Conclusion

Accordingly, this action is dismissed under Section 1915A.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: September 12, 2016          */s/ John R. Adams*
                                  JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE

2